## THE STATE v. HEIMBERGER, Appellant.

**Division Two, March 6, 1906.**

**ASSAULT WITH INTENT TO KILL: Evidence.**  The evidence in this case, which was a prosecution for assault with intent to kill, is *held* sufficient to support the verdict finding defendant guilty of such an assault, without malice.

Appeal from St. Louis City Circuit Court.— *Hon. Robert M. Foster,* Judge.

Affirmed.

*Herbert S. Hadley,* Attorney-General, and *Rush C. Lake,* Assistant Attorney-General, for the State.

BURGESS, P. J.—On the 16th day of September, 1904, there was filed in the office of the clerk of the circuit court of the city of St. Louis, by the assistant circuit attorney of said city, an information, in due form, charging the defendant with having feloniously, willfully, on purpose and of his malice aforethought, shot at and wounded one Stephen Cornelius, with intent the said Cornelius to kill.

Defendant, thereafter, at the December term, 1904, of said court, was put upon his trial for the offense charged against him, found guilty of an assault with intent to kill, without malice, and his punishment assessed at imprisonment in the penitentiary for a term of two years. From the judgment and sentence he appeals.

The facts, briefly stated, are that on the 6th day of July, 1904, Stephen Cornelius and some friends were in the saloon kept and conducted by defendant in the city of St. Louis, when a dispute arose between defendant and Cornelius over the amount owed by Cornelius to defendant for drinks. Cornelius offered to pay defendant what was due him, when defendant said, "Just put it in your pocket;" and the dispute appeared to be settled. Shortly thereafter, the defendant made preparations to close the saloon. He put on his coat and hat, came around to the end of the bar, and said, "Well, you fellows will have to get out of here." He then pulled out his revolver, waved it around his head, and said to those in the saloon, "I will give you five minutes to get out of here." Cornelius replied, "All right, Otto; if you will make it five minutes we will just take the limit." Defendant then pointed his pistol at Cornelius and shot him, the ball penetrating his jaw, knocking out one of his teeth and fracturing the bone.

The defendant introduced evidence tending to show his good character for peace and quietness. Testifying in his own behalf, he said that he shot in self-defense; that he thought Cornelius had a gun, and that he started for defendant just before he fired the shot. Defendant is not represented in this court.

The court instructed for shooting with intent to kill, with and without malice, and also upon self-defense.

The information is in due form; the instructions covered every phase of the case, are unobjectionable,

and the verdict of the jury was well warranted by the evidence.

Finding no reversible error in the record, we affirm the judgment.

All concur.